[Cite as *State v. Phipps*, 2013-Ohio-5546.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-351 |
| | | (C.P.C. No. 12CR-606) |
| Quincy Phipps, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 17, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Todd W. Barstow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Quincy Phipps, is appealing from his convictions and sentences on charges of rape and gross sexual imposition. He assigns two errors for our consideration:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF RAPE AND GROSS SEXUAL IMPOSITION AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶ 2}   Phipps was originally charged with 12 counts of gross sexual imposition ("GSI") and 1 count of rape.  The trial court judge assigned to the case found the evidence insufficient to support a conviction for three of the charges of GSI and granted an acquittal as to those charges.  The remaining charges were submitted to a jury which convicted Phipps of 9 counts of GSI and the one rape charge.

{¶ 3}   The judge sentenced Phipps to 8 years of incarceration as a result of the rape conviction, 15 years as a result of five of the GSI convictions which were felony 3 convictions, and 4 years as a result of the GSI conviction which were felony 4 convictions. All of the sentences were ordered to be served consecutively for a total sentence of 27 years of incarceration.

{¶ 4}   Phipps was accused of molesting two young girls for many years.  The girls are referred to as KP and SP to preserve the secrecy of their identity.  The sexual assaults occurred over an extended period of years.  One of the girls was only 3-years old when the assaults started.  This girl was assaulted off and on until she was 15-years old.  She was fondled repeatedly and also penetrated vaginally by Phipps' fingers and penis.

{¶ 5}   The sexual assaults of SP began when she was 7-years old and continued until she reached the age of 14.  SP did not testify that she was penetrated, only fondled.

{¶ 6}   Phipps' first assignment of error argues that the verdicts are not supported by either sufficient evidence and were also against the manifest weight of the evidence.

{¶ 7}   Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict.  *Id.*  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).  The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.  *Jenks* at 273.  If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant.  *See Thompkins* at 387.

{¶ 8}   Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 9}   As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 10} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 11} The testimony of the girls fully supports the convictions. In fact, the girls alleged far more assaults then those charged by way of indictment. The testimony was extremely graphic and described all the elements necessary for conviction of rape and GSI.

{¶ 12} The first assignment of error is overruled.

{¶ 13} The more challenging issue is the proceeding surrounding the 27-year sentence. We are mindful that in Ohio, a conviction for murder results in a mandatory sentence of 15 years to life imprisonment. Phipps argues the trial court erred when it

failed to make findings in accordance with the recently amended R.C. 2929.14(C)(4) before requiring the prison terms to be served consecutively.

{¶ 14} The State of Ohio has argued that recent statutory changes enacted by the Ohio legislature do not apply because the offenses were committed before the statutory modifications. We have rejected that position in our prior decision and found that because the statutory changes potentially work to reduce criminal sentences, R.C. 1.58(A) applies and mandates that the new sentencing statute apply to persons who had not been sentenced by the date the statute went into effect. *See State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 12 ("In the present case, there is no dispute that appellant's sentence had not been 'already imposed' at the time H.B. No. 86 became effective. The state argues, however, that R.C. 1 .58(B) does not apply because 'requiring trial courts to make [the consecutive sentencing] findings does not "reduce [ ] the penalty for any offense." ' * * * We disagree. The penalty or punishment for the offenses might arguably be reduced if the trial court were required to make the findings required by R.C. 2929 .14(C)(4) before imposing consecutive sentences.").

{¶ 15} The State has also argued that a plain error standard should be applied in situations such as that presented here. Several recent cases from this court have found that failure to abide by the new sentencing statutes constitute plain error. *See State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7 (Noting, in response to State's argument that plain error standard should be applied to court's failure to comply with R.C. 2929.14(C)(4), "[o]ur recent cases indicate a tendency of this court to view a failure to precisely comply with R.C. 2929.14 as plain error as a matter of law."); *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46 ("Failure to fully comply with R.C. 2929.14(C)(4) is plain error as a matter of law."). We follow that recent line of cases.

{¶ 16} As a result, we sustain the second assignment of error. We vacate the trial court's sentence and remand the case for a new sentencing hearing that complies with the mandates of R.C. 2929.14(C)(4) regarding the findings necessary for the imposition of consecutive sentences.

{¶ 17} The first assignment of error, as indicated above, is overruled. The second assignment of error is sustained and the case is remanded for new sentencing proceedings.

*Judgment affirmed in part and reversed
in part; remanded for new sentencing proceedings.*

DORRIAN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under the authority of Ohio Constitution, Article IV, Section 6(C).

_____