[Cite as *State v. Castlin*, 2013-Ohio-4889.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                             :

    Plaintiff-Appellee,              :
                                                                    No. 13AP-331
v.                                          :            (C.P.C. No. 12CR-3189)

Shaquanda Castlin,                     :            **(REGULAR CALENDAR)**

    Defendant-Appellant.          :

State of Ohio,                             :

    Plaintiff-Appellee,              :
                                                                    No. 13AP-332
v.                                          :            (C.P.C. No. 11CR-6522)

Shaquanda Castlin,                     :            **(REGULAR CALENDAR)**

    Defendant-Appellant.          :

State of Ohio,                             :

    Plaintiff-Appellee,              :
                                                                    No. 13AP-333
v.                                          :            (C.P.C. No. 11CR-1873)

Shaquanda Castlin,                     :            **(REGULAR CALENDAR)**

    Defendant-Appellant.          :

State of Ohio,                             :

    Plaintiff-Appellee,              :
                                                                    No. 13AP-334
v.                                          :            (C.P.C. No. 11CR-6589)

Shaquanda Castlin,                     :            **(REGULAR CALENDAR)**

    Defendant-Appellant.          :

State of Ohio,                                   :

        Plaintiff-Appellee,              :
                                                                     No. 13AP-335
v.                                              :              (C.P.C. No. 12CR-4458)

Shaquanda Castlin,                              :              (REGULAR CALENDAR)

        Defendant-Appellant.             :

---

D E C I S I O N

Rendered on November 5, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Shaquanda Castlin, appeals from judgments of the Franklin County Court of Common Pleas sentencing her to consecutive prison terms. For the reasons that follow, we reverse and remand for resentencing.

{¶ 2} On March 21, 2013, appellant pled guilty to one count of theft, in violation of R.C. 2913.02; three counts of failure to appear on recognizance bond, in violation of R.C. 2937.99; four counts of receiving stolen property, in violation of R.C. 2913.51; and one count of burglary, in violation of R.C. 2911.12.

{¶ 3} On March 21, 2013, the trial court held a sentencing hearing. At the hearing, the court indicated the following prior to imposing appellant's sentence:

> I noted that you've just turned 20 years of age about two and a half months ago. In a very real sense this is a tough case. I

> believe Ms. Munson when she says that there is a side to you that has a great deal of intelligence. I totally believe Mr. Litle when he says, well, it's in the record. Boom, boom, boom, boom, boom. And maybe it was just too much to ask as you were growing up, too many strikes against you for you to be able to make it.
>
> However, I have to deal with you as you are today. Not as someone might want you to be. Not as someone you have the potential to be. But the person you are here today. Can you change? I don't know. I hope so. But hoping doesn't protect the public. Hoping really doesn't even help you.
>
> There's a rather large debate going on in my mind right now as to exactly what I sentence you to. Because you've done enough again and again and again to merit a very long prison term.

(Tr. 78-79.)

{¶ 4} The court then sentenced appellant, stating:

> The Court wished to take a recess for the simple reason of taking one last look at the PSI. And it wasn't a question of probation or prison. It was prison, whatever I do. But it was a question of how long it was going to be and when you might be eligible for judicial release. Not saying that I would grant it if you became eligible. That would depend on a number of things. So let me take these in order.
>
> With regards to 11CR-1873, the M1 theft case, the sentence of the Court is you serve 180 days in the county jail. You've already served 221. So that is time served.
>
> With regards to 11CR-6522, the Court does find that the counts of receiving stolen property merge for sentencing purposes. Does the State have any indication as to which count, does it matter? Do you just want to say Count One?
>
> MR. LITLE: Count One is fine, Your Honor.
>
> THE COURT: All right. So Counts One through Four will merge for sentencing purposes into Count One. And the sentence with regards to that, that is a felony five, so that would be twelve months at the ODRC. And that would run consecutive to the other felony sentences.

On the felony five theft, that's 11CR-6589, the sentence of the Court is that you serve twelve months on that case. And that will be run consecutive to all other sentences.

On 12CR-3189, the three failure to appear counts, merge into Count One, Mr. Litle?

MR. LITLE: That's fine, Your Honor.

THE COURT: We'll merge them into Count One. So you'll be sentenced on Count One. That's a felony four. And the sentence of the Court will be twelve months on that count. And that will be run consecutive to the other sentences.

On 12CR-4458, the burglary case, the sentence of the Court is that you do five years at the ODRC. And that will be consecutive to the other sentences for a total of eight years.

(Tr. 79-81.)

{¶ 5} On appeal, appellant submits the following assignment of error:

The trial court erred by imposing consecutive sentences without making findings required by R.C. 2929.14(C)(4).

{¶ 6} Under her single assignment of error, appellant contends the trial court erred by failing to make the requisite findings under R.C. 2929.14(C)(4) when imposing sentence. As a result, appellant contends this matter must be remanded for resentencing. We agree.

{¶ 7} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16,

2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8}  Here, a review of the record supports the trial court failed to set forth any of the necessary findings under R.C. 2929.14(C)(4).  The trial court's failure to make these findings requires us to vacate appellant's sentence and remand for resentencing.

{¶ 9}  The state does not argue that the trial court complied with the requirements in R.C. 2929.14(C)(4).  Rather, the state asserts that this court should apply a plain error standard of review, and find that none occurred in this case.  However, we have previously rejected this argument and found that "[f]ailure to fully comply with R.C. 2929.14(C)(4) is plain error as a matter of law." *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46.  *See also State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 9; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7; *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520.

{¶ 10} For these reasons, appellant's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed.  This matter is remanded to the trial court for resentencing in accordance with law and consistent with this decision.

*Judgment reversed and*
*cause remanded.*

BROWN and McCORMAC, JJ., concur.

McCORMAC, J., retired from the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).