[Cite as *State v. Castlin*, 2014-Ohio-223.]

# IN THE COURT OF APPEALS OF OHIO

# TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-331 |
| v. | : | (C.P.C. No. 12CR-3189) |
| Shaquanda Castlin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-332 |
| v. | : | (C.P.C. No. 11CR-6522) |
| Shaquanda Castlin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-333 |
| v. | : | (C.P.C. No. 11CR-1873) |
| Shaquanda Castlin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-334 |
| v. | : | (C.P.C. No. 11CR-6589) |
| Shaquanda Castlin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

State of Ohio,                              :

       Plaintiff-Appellee,                :
                                No. 13AP-335
v.                                         :        (C.P.C. No. 12CR-4458)

Shaquanda Castlin,                         :        (REGULAR CALENDAR)

       Defendant-Appellant.               :

---

### D E C I S I O N

#### Rendered on January 23 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

---

ON APPLICATION FOR EN BANC CONSIDERATION

O'GRADY, J.

{¶ 1} Plaintiff-appellee, State of Ohio, has filed a timely application for en banc consideration, pursuant to App.R. 26(A)(2). The state argues that our decision in this case, *State v. Castlin*, 10th Dist. No. 13AP-331, 2013-Ohio-4889, is in conflict with two other decisions, *State v. Gilbert*, 10th Dist. No. 12AP-142, 2012-Ohio-5521, and *State v. Cusey*, 10th Dist No. 13AP-243 (Oct. 3, 2013) (memorandum decision). For the following reasons, we deny the state's application.

{¶ 2} App.R. 26(A)(2), which governs en banc procedure, states in part:

(2) En banc consideration

(a) Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be

considered en banc. * * * Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed.

(b) An application for en banc consideration must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions.

{¶ 3} The dispositive issue in this case, which the state focuses on, is that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before ordering appellant to serve consecutive sentences. *Castlin* at ¶ 8. We, therefore, remanded this case for resentencing in accordance with our precedent stemming from *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520. *Castlin* at ¶ 8-10.

{¶ 4} In *Wilson*, we held that 2011 Am.Sub.H.B. No. 86 ("H.B. No. 86") applies to defendants that were sentenced on or after its effective date, September 30, 2011, by operation of R.C. 1.58(B). *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 37. R.C. 2929.14(C)(4) was enacted as part of H.B. No. 86. *Id.* at ¶ 36. Therefore, when there is a dispute over whether R.C. 2929.14(C)(4) applies, the defendant's sentencing date can be essential to that determination.

{¶ 5} The state attempts to identify a conflict with *Gilbert* and *Cusey* by arguing that the trial court in those cases did not make required findings before imposing consecutive sentences, but this court did not remand for resentencing. However, nowhere in either *Gilbert* or *Cusey* is R.C. 2929.14(C)(4) or H.B. No. 86 mentioned, nor is the sentencing date of either appellant specified. Therefore, we cannot find that *Gilbert* and *Cusey* are in conflict with this case on the issue identified by the state. Furthermore, *Gilbert* pre-dates our decision in *Wilson*, and nowhere in *Cusey* did this court cite any cases in the *Wilson* line of cases. There is simply no way to link the analysis in *Gilbert* and *Cusey* to the analysis in this case or to the precedent established in *Wilson* and its progeny. Therefore, we find that neither *Gilbert* nor *Cusey* have precedential value which is in conflict with our decision in this case.

{¶ 6}    Accordingly, the state's application for en banc consideration is denied.  As there is no identifiable intradistrict conflict, we do not find it necessary to further address the state's attack on our analysis in the *Wilson* line of cases.

*Application for en banc consideration denied.*

BROWN, J., concurs.
DORRIAN, J., concurs in judgment only.

DORRIAN, J., concurring in judgment only.

{¶ 7}    I respectfully concur in judgment only.  Reviewing the cases suggested by the state, I do not find they represent an intradistrict conflict with our application of plain error doctrine in this context.

_____