[Cite as *State v. Ayers*, 2014-Ohio-276.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-371 |
| v. | : | (C.P.C. No. 11CR-07-3815) |
| Tyrece L. Ayers, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 28, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Siewert & Gjostein Co., LPA*, and *Thomas A. Gjostein,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶1} Defendant-appellant, Tyrece L. Ayers ("appellant"), appeals from the sentences imposed following his guilty plea to five counts of robbery, violations of R.C. 2911.02, felonies of the second degree. Because the trial court erred in sentencing appellant, we reverse and remand for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} Appellant was indicted on 15 counts, including aggravated burglary, robbery and kidnapping for incidents that occurred on June 30, July 9, and July 10, 2011. On January 31, 2013, appellant plead guilty to Counts 2, 8, 10, 12 and 14 of the indictment, all violations of R.C. 2911.02, robbery, felonies of the second degree. A nolle

prosequi was entered as to Counts 1, 3, 4, 5, 6, 7, 9, 11, 13 and 15 of the indictment. The trial court found appellant guilty.

{¶3} Appellant was found guilty in a separate case of murder with a firearm specification for a drive-by shooting on January 23, 2010, that resulted in the death of Tyrone Malcolm, Jr. (Franklin C.P. No. 12CR-03-1180). This court affirmed the judgment. *See State v. Ayers*, 10th Dist. No. 13AP-18 (Dec. 19, 2013).

{¶4} On March 7, 2013, the trial court conducted a sentencing hearing. Appellant was sentenced to three years as to each count to run consecutive with case No. 12CR-03-1180, for a total of 36 years (15 years for this case and 21 years for case No. 12CR-03-1180) to be served at the Ohio Department of Rehabilitation and Correction.

## II. ASSIGNMENT OF ERROR

{¶5} Appellant has timely appealed and brings the following assignment of error:

> THE TRIAL [COURT] ERRED IN SENTENCING THE DEFENDANT, IMPROPERLY, TO CONSECUTIVE SENTENCES ON COUNT NUMBERS 2, 8, 10, 12, 14 OF THE INDICTMENT AS WELL AS CONSECUTIVE TO CASE NO. 12 CR 1180, PURSUANT TO OHIO REVISED CODE §2929.11, §2929.12 AND §2929.14.

## III. DISCUSSION

{¶6} By his assignment of error, appellant contends that the trial court erred in imposing consecutive sentences. He argues that the trial court erred in doing so without referencing the factors in R.C. 2929.12(B), (C), (D) or (E) or R.C. 2929.14(C)(4).

{¶7} Appellant did not raise any argument challenging the imposition of consecutive sentences at the sentencing hearing in the trial court. Consequently, we may reverse appellant's sentence only if the sentence imposed constitutes plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For an error to constitute "plain error" under Crim.R. 52(B), it "must be an 'obvious' defect in the trial proceedings." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), citing *State v. Sanders*, 92 Ohio St.3d 245, 257 (2001), citing *State v. Keith*, 79 Ohio St.3d 514, 518 (1997). An appellate court notices plain error " 'with the utmost caution, under exceptional

circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. Plain error is not present unless, but for the error complained of, the outcome would have been different. *Long* at paragraph two of the syllabus; *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 78. "The burden of demonstrating plain error is on the party asserting it." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 17.

{¶8} In *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, this court discussed the standard of review applicable to felony sentences, as follows:

> As an initial matter, we must determine the standard of review to apply. In *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19, this court held that, pursuant to R.C. 2953.08(G), we review whether clear and convincing evidence establishes that a felony sentence is contrary to law. A sentence is contrary to law when the trial court failed to apply the appropriate statutory guidelines. *Burton* at ¶ 19.
>
> After *Burton*, however, in a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. The second step requires that the trial court's decision also be reviewed under an abuse of discretion standard. *Id.* An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.
>
> As a plurality opinion, *Kalish* has limited precedential value. *State v. Franklin*, 182 Ohio App.3d 410, 2009-Ohio-2664, ¶ 8. Additionally, since *Kalish*, this court has continued to rely on *Burton* and only applied the contrary-to-law standard of review. *Franklin* at ¶ 8, citing *State v. Burkes*, 10th Dist. No. 08AP-830, 2009-Ohio-2276; *State v. O'Keefe*, 10th Dist. No. 08AP-724, 2009-Ohio-1563; *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100.

*Id.* at ¶ 19-21.  *See also State v. Pankey*, 10th Dist. No. 11AP-378, 2011-Ohio-6461, ¶ 18; *State v. Worth*, 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 83; *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 9.

{¶9}   According to Ohio's sentencing laws, a sentencing court is required to consider the principles and purposes of felony sentencing as set forth in R.C. 2929.11, and the seriousness and recidivism factors provided in R.C. 2929.12 when sentencing a criminal defendant.  R.C. 2929.12 "identifies a nonexclusive list of factors relating to the seriousness of the offense and recidivism of the offender for the court to consider in imposing a sentence to meet those objectives."  *State v. Samuels*, 8th Dist. No. 88610, 2007-Ohio-3904, ¶ 14.

{¶10}  The trial court's sentencing entry states that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12."  The entry also provides that the court "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14."  This court has previously held that such "language in a judgment entry belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense."  *Allen* at ¶ 22, citing *State v. Small,* 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16.  *See also Pankey* at ¶ 22.  The trial court considered the relevant statutory guidelines and sentencing factors pursuant to R.C. 2929.11, 2929.12, and 2929.13.

{¶11}  Appellant also argues that the trial court did not mention the factors under R.C. 2929.14 before imposing consecutive sentences.  R.C. 2929.14(C) provides, in pertinent part, as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12}   "R.C. 2929.14(C)(4) now requires the trial court to make three findings before imposing consecutive sentences: (1) that consecutive sentences are necessary to protect the public from the future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply." *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 76.  "The trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences."  *Id.*, citing *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57.  "Nevertheless, the record must reflect that the court made the findings required by the statute." *Id.*

{¶13} Plaintiff-appellee, the state of Ohio, does not argue that the trial court complied with the requirements in R.C. 2929.14(C)(4).  Instead, the state asserts that this court should apply a plain error standard of review, and find that none occurred in this case.

{¶14}  The trial court stated at the sentencing hearing, as follows:

[DEFENSE COUNSEL]: Mr. Ayers is already serving a life sentence.

* * *

THE COURT: Taking the life of someone else, and then he was engaged in five or six robberies, however many, why should the court place all the time that was imposed for the murder and more or less ignore the offenses regarding the robbery offenses, and why shouldn't he receive time in addition to what he did?

* * *

[B]ut where the court struggles is if you take the 21 years - - you can even say 25, to make it easier. Well, maybe not. I'm bad at math. But at any rate, say he's eligible after 21. Doesn't get out for a couple years later, 24, so you have murder, right? That's one offense. You have Counts 2 for robbery - - all these are robberies of the second degree - - 2, 8, 10, 12, and 14. All right? That's six, so a total of six offenses. All right? And so if you multiply that by, what, four, right?

* * *

So you're looking at four years per offense. I mean, that's kind of what it rounds out to be. And I guess, you know, my question is, is that sufficient to, one, penalize Mr. Ayers for his actions? Does it, you know, also satisfy the victims in this case, and does it - - you know, I understand he's young and things of that nature, but he would still have the opportunity for release after 20 some odd years, 21 years. So that's what I'm getting at. I don't know. You know? That's awfully cheap. You know, four years for someone's life is - - what a discount.

* * *

I think I said I'm familiar with the facts. I've read all the materials that the court was provided, considered all the factors the court's required to consider before imposing the sentence. And, quite frankly, the court is disturbed by Mr. Ayers's conduct and the offenses. He's had a real nice support system. He had folks write in on his behalf who claimed to know him all of his life and was surprised by his conduct.

However, his action doesn't leave counsel much to argue, to be quite frank. You can only do so much with the facts that

> you're given, and I was concerned about the coincidence, if you want to put it kindly, about the victims in this case being all Latino. And Mr. Manning pointed specifically to that concern in the PSI where I've read that before. It reaffirmed my issue.
>
> I don't like any of this stuff, and quite frankly, I think that as a result, there needs to be an appropriate penalty. So the court will impose a period of three years for Counts 2, 8, 10, 12, 14. Those are robberies, all felonies of the second degree. They will run consecutive of one another for a total of 15 years in addition to Case Number 12CR-1180, so Mr. Ayers will serve a total of 36 years before he's eligible for his parole.

(Mar. 7, 2013 Tr. 3; 5; 6-8; 11-12.)

{¶15} In this case, the trial court did not specify the necessary findings. We have previously found that when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, "appellant's sentence is contrary to law and constitutes plain error." *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18. *See also State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46; *State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 9; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7; *State v. Castlin*, 10th Dist. No. 13AP-331, 2013-Ohio-4889, ¶ 9; *State v. Phipps*, 10th Dist. No. 13AP-351, 2013-Ohio-5546, ¶ 15.

{¶16} Finally, the state argues that the sentencing here does not rise to the level of plain error because there is no manifest injustice, citing *State v. Gilbert*, 10th Dist. No. 12AP-142, 2012-Ohio-5521. However, *Gilbert* predates *Wilson* and the cases following *Wilson*, where this court has found that a failure to precisely comply with R.C. 2929.14 is plain error because the sentence is contrary to law. Thus, appellant's assignment of error is sustained in part and overruled in part.

## IV. CONCLUSION

{¶17} For the foregoing reasons, appellant's assignment of error is sustained as to R.C. 2929.14(C) and overruled as to R.C. 2929.11 and 2929.12, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part,

and this cause is remanded to the trial court for resentencing in accordance with law and consistent with this decision.

*Judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

TYACK and DORRIAN, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____