[Cite as *State v. Revels*, 2014-Ohio-795.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 12AP-831 (C.P.C. No. 11CR-5538) and |
| v. | : | 12AP-832 (C.P.C. No. 12CR-1077) |
| William A. Revels, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on March 4, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} In these consolidated appeals, defendant-appellant, William A. Revels, appeals from judgments of the Franklin County Court of Common Pleas sentencing him to consecutive prison terms. For the following reasons, we reverse and remand for resentencing.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 27, 2012, appellant pleaded guilty to one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the first degree, one count of trafficking in cocaine, in violation of R.C. 2925.03, a felony of the second degree, and one count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree. On August 2, 2012, the trial court held a sentencing hearing. The court sentenced appellant to serve six years of incarceration for the first-degree felony concurrent to one

year for the third-degree felony, but consecutive to five years for the second-degree felony, for a total of 11 years.

{¶ 3}   During the sentencing hearing, the trial court made the following pertinent remarks:

> So this whole sentencing thing can get a little complicated.  I understand, at least to a certain extent, that there are some good things you've done in the community, employing a number of people, so on and so forth.
>
> The problem is, is that behind the employment there's this fantastically serious drug possession, what have you, and sales issues that they're just incredibly serious offenses.  And you don't seem to be able to wean yourself away from committing these very serious offenses.
>
> You've got a history that goes back for a long number of years.  I mean, we're talking almost ever since you were an adult you've been -- and I was particularly struck by in reading the PSI the rape case that took place back in 1995 where you spent approximately eleven and a half years in prison.  Really didn't seem to get a whole lot out of that.  I don't expect you to be coming out like Thomas Aquinas or anything.  But on the other hand, I certainly don't expect you -- it's just not good.
>
> Now, I will note one good thing is before these offenses you actually did successfully complete probation in Case Number 08CR-1522.  What I get here when I balance the scales, okay, is the crimes are significantly more serious than the good that's out there.  Not denying that it's there.  It's just simply outweighed.
>
> * * *
>
> * * * I've got a record that basically involves -- I would estimate on the mild side of saying 85 percent of the time between 1991 and today has been spent in prison or jail.  How do I even consider turning you loose on society?  I can't trust you.  Whatever good you do, I can't trust you to do the right thing.  So I can't be lenient.  I don't have any hope of you doing well.  None.  That's how much of a disappointment that you've been.
>
> * * * If you go through life with a C minus attitude, I don't care.  As long as you don't go out and commit felonies.  Well

that's what you did.  Bad felonies.  So you've got to pay the price.  * * *

(Tr. 39-40, 46.)

{¶ 4}  The court then sentenced appellant, stating in pertinent part: Here's what I'm going to do.  12CR-1077, six years.  That's for Count One.  For Count Three, one year.  That's concurrent to the six years.

Case Number 11CR-5538, five years.  That's consecutive to the sentences in 12CR-1077 for a total of 11 years.

(Tr. 47.)

{¶ 5}  Appellant's sentence was memorialized in two judgment entries which were filed with the clerk of courts on August 9, 2012.  It is from those judgments appellant appeals to this court.

## II.  ASSIGNMENT OF ERROR

{¶ 6}  Appellant presents the following assignment of error for our review:

The trial court erred by imposing consecutive sentences without making findings required by R.C. 2929.14(C)(4).

## III.  DISCUSSION

{¶ 7}  In his single assignment of error, appellant contends the trial court erred by failing to make all of the required findings under R.C. 2929.14(C)(4) before imposing consecutive sentences.  The state concedes the trial court did not comply with R.C. 2929.14(C)(4) and, upon our review of the record, we agree.

{¶ 8}  We note initially that appellant did not object during sentencing; thus, he has forfeited all but plain error.  *See* Crim.R. 52(B); *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 8.  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  "To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection." *State v. Gullick*, 10th Dist. No. 13AP-26, 2013-Ohio-3342, ¶ 3, citing *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).

{¶ 9}  R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 , or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} While the trial court is not required to use talismanic words to comply with R.C. 2929.14(C)(4) before imposing consecutive sentences, the trial court must make clear on the record that it made the required findings. *State v. Boynton*, 10th Dist. No. 12AP-975, 2013-Ohio-3794, ¶ 9, citing *State v. Marton*, 8th Dist. No. 99253, 2013-Ohio-3430, ¶ 13 ("it must be *clear from the record that the trial court actually made the findings required* by statute"). (Emphasis sic.) As noted above, the state concedes that the trial court did not comply with R.C. 2929.14(C)(4) before imposing consecutive sentences on appellant. Pursuant to our review, we note the trial court did discuss appellant's criminal history and the seriousness of his offenses, but the court did not make the required findings.

{¶ 11} It is established in this district that "when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, 'appellant's sentence is contrary to law and

constitutes plain error.' " *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 15, quoting *Wilson* at ¶ 18; *Boynton* at ¶ 12; *see also State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46; *State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 9; *State v. Castlin*, 10th Dist. No. 13AP-331, 2013-Ohio-4889, ¶ 8-9; *State v. Phipps*, 10th Dist. No. 13AP-351, 2013-Ohio-5546, ¶ 15; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7. Accordingly, we must remand this consolidated matter to the trial court to consider whether consecutive sentences are appropriate pursuant to R.C. 2929.14(C)(4) and, if so, to enter the proper findings on the record. *Boynton* at ¶ 12; *State v. Corker*, 10th Dist. No. 13AP-264, 2013-Ohio-5446, ¶ 38, citing *State v. Bass*, 10th Dist. No. 12AP-622, 2013-Ohio-4503, ¶ 44.

{¶ 12} The state advances several arguments why this case should not be remanded for resentencing despite the trial court's failure to comply with R.C. 2929.14(C)(4). The state argues the statute should not apply because appellant committed some of his offenses in 2008. R.C. 2929.14(C)(4) was enacted as part of 2011 Am.Sub.H.B. No. 86 ("H.B. No. 86"). *Bailey* at ¶ 36. In *Wilson*, we held "H.B. No. 86 applies to defendants that were sentenced on or after its effective date, September 30, 2011, by operation of R.C. 1.58(B)." *Bailey* at ¶ 37, citing *Wilson* at ¶ 17; *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 79. Appellant was sentenced in 2012; therefore, R.C. 2929.14(C)(4) applies.

{¶ 13} Notwithstanding our holding in *Wilson*, the state argues that R.C. 1.58(B) is not applicable because requiring a trial court to make consecutive-sentence findings does not reduce any penalty, forfeiture or punishment. The state attempts to bolster its position by directing our attention to the decision of the Sixth District Court of Appeals in *State v. Edwards*, 6th Dist. No. WD-11-078, 2013-Ohio-519, ¶ 23, specifically for the proposition that "R.C. 1.58(B) requires * * * an actual reduction in the penalty, forfeiture, or punishment for a particular offense."

{¶ 14} R.C. 1.58(B) provides:

> If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶ 15} We disposed of the state's argument in *Wilson* as follows:

> The state argues * * * that R.C. 1.58(B) does not apply because "requiring trial courts to make [the consecutive sentencing] findings does not 'reduce[ ] the penalty for any offense.' " * * * We disagree. The penalty or punishment for the offenses might arguably be reduced if the trial court were required to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences

*Id.* at ¶ 17.  Furthermore, in this case, the lowest potential sentence for appellant's third-degree felony, having a weapon while under disability, was reduced from one year to nine months by H.B. No. 86.  *Bailey* at ¶ 39; *Bass* at ¶ 43.  Therefore, the requirements of R.C. 1.58(B) are met and the provisions of H.B. No. 86, including R.C. 2929.14(C)(4), apply. Due to the reduction in the potential penalty for one of appellant's offenses, requiring compliance with R.C. 2929.14(C)(4) in this case is not at odds with *Edwards*.  *See Bailey* at ¶ 41-42 (*Edwards* distinguished).

{¶ 16} The state also claims the language in R.C. 1.58(B) is incompatible with the language in H.B. No. 86.  The state argues that R.C. 1.58(B) applies only to statutory "reenactment[s]" and "amendment[s]" and the General Assembly used the term "revive" in Section 11 of H.B. No. 86.  (Appellee's brief, 16.)  This argument is not persuasive.  We rejected the same in *Wilson*, noting "the General Assembly utilized the term 'revive' in Section 11; however, the General Assembly also employed the term 'reenactment' in Section 11."  *Id.* at ¶ 17; *see also Roush* at ¶ 79.  In short, none of the state's arguments based on R.C. 1.58(B) have merit.

{¶ 17} The state also claims that this court's decisions following *Wilson* are in conflict with our decision in *State v. Gilbert*, 10th Dist. No. 12AP-142, 2012-Ohio-5521. The state describes the alleged conflict as "en-banc-worthy."  (Appellee's brief, 23.) However, we recently denied the state's application for en banc consideration in *State v. Castlin*, 10th Dist. No. 13AP-331, 2014-Ohio-223, ¶ 5, finding that there is "no way to link the analysis in *Gilbert* * * * to the precedent established in *Wilson* and its progeny." Accordingly, *Gilbert* does not assist the state in arguing against requiring compliance with R.C. 2929.14(C)(4).

{¶ 18} Finally, the state urges us not to remand this matter for resentencing because, although appellant's sentence is contrary to law, appellant cannot demonstrate plain error.  The state contends the evidence supports the imposition of consecutive

sentences, and the record provides no indication that the trial court would have sentenced appellant differently had it made the R.C. 2929.14(C)(4) findings on the record. As we acknowledged above, the record demonstrates the trial court was well aware of appellant's extensive criminal history and the seriousness of his offenses. Nevertheless, the court was mandated by statute to make the R.C. 2929.14(C)(4) findings on the record. *Boynton* at ¶ 12. Because the trial court failed to do so, appellant's sentence is contrary to law and constitutes plain error. *Id.*, citing *Wilson* at ¶ 18; *see* ¶ 11 above. Accordingly, we must remand this consolidated matter to the trial court for resentencing. *Id.*; *Castlin*, 2013-Ohio-4889, at ¶ 8; *Roush* at ¶ 80. Appellant's assignment of error is sustained.

## IV. CONCLUSION

{¶ 19} For these reasons, appellant's single assignment of error is sustained, and the judgments of the Franklin County Court of Common Pleas are reversed. This consolidated matter is remanded to the trial court for resentencing in accordance with the law and consistent with this decision.

*Judgments reversed and
causes remanded.*

SADLER, P.J., and DORRIAN, J., concur.