[Cite as *17AP-667,668*, 2018-Ohio-3135.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-667 (C.P.C. No. 05CR-5445) |
| | | and |
| v. | : | No. 17AP-668 (C.P.C. No. 07CR-7093) |
| Reginald L. Greene, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 7, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Reginald L. Greene, appeals two judgments of the Franklin County Court of Common Pleas issued on August 25, 2017 revoking his community control in Franklin C.P. Nos. 05CR-5445 and 07CR-7093 and sentencing him to two consecutive one-year prison terms as a result. Because Greene could have raised but did not raise arguments about his community control sentences when originally imposed, and because he could have but did not appeal them at either the times they were originally imposed or at the time they were reactivated after he completed an unrelated prison term, res judicata prevents litigation of that issue now. However, we agree with Greene that the trial court plainly erred in imposing consecutive sentences in these two cases at the time it revoked his community control sentence in both of them. We sustain Greene's first

assignment of error, overrule his second assignment of error, and we reverse and remand for a new sentencing hearing.

## I.   FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 15, 2005, a Franklin County Grand Jury indicted Greene for failure to pay court-ordered child support to his child, B. S., for 26 accumulated weeks of a 2-year period.  (Aug. 15, 2005 Indictment 05CR-5445.)  He pled guilty to that offense on February 13, 2006.  (Feb. 13, 2006 Plea Tr. 05CR-5445, filed Nov. 17, 2017; Feb. 13, 2006 Plea Form 05CR-5445.)  However, due to circumstances not relevant to this appeal, Greene failed to appear for sentencing.  Thus, he was not sentenced until June 2007, when he was placed on community control for a period of 5 years.  (June 8, 2007 Jgmt. Entry 05CR-5445 at 2; June 5, 2007 Sentencing Tr. 05CR-5445 in passim, filed Nov. 8, 2017.)  In the course of sentencing, the plaintiff-appellee, State of Ohio, agreed that charges it anticipated indicting in the near future would not constitute a violation of community control in case No. 05CR-5445.  (June 5, 2007 Sentencing Tr. 05CR-5445 at 15.)

{¶ 3}   On October 1, 2007, a Franklin County Grand Jury indicted Greene for failure to pay court-ordered child support to a different child, B. F., for 26 accumulated weeks of a 2-year period.  (Oct. 1, 2007 Indictment 07CR-7093.)  He pled guilty on June 26, 2008. (June 26, 2008 Plea Tr. 07CR-7093, filed Nov. 8, 2017; June 26, 2008 Plea Form 07CR-7093.)  During the plea hearing, he also pled guilty in Franklin C.P. No. 07CR-6580 in which he possessed 111.5 grams of powder cocaine.  (June 26, 2008 Plea Tr. 07CR-7093 at 17.)  He was sentenced to serve 3 years in prison on the cocaine case and placed under community control supervision for 5 years on the new child support case.  (Sept. 4, 2008 Jgmt. Entry 07CR-7093 at 2; Sept. 2, 2008 Sentencing Tr. 07CR-7093 at 4, 7-8, filed Feb. 23, 2018.)

{¶ 4}   When the trial court stated Greene's sentences at the hearing, it announced it would suspend Greene's existing and newly imposed periods of community control in case Nos. 05CR-5445 and 07CR-7093 until after he completed his prison sentence in the cocaine case (No. 07CR-6580).  (Sept. 2, 2008 Sentencing Tr. 07CR-7093 at 7-8.)  In its judgment entry in case No. 07CR-7093, the trial court suspended the imposition of community control until after he had completed his prison sentence in the cocaine case. (Sept. 4, 2008 Jgmt. Entry 07CR-7093 at 1-2; Sept. 2, 2008 Sentencing Tr. 07CR-7093 at 7-8.)  Shortly after imposing sentence in case No. 07CR-7093, the trial court also suspended

the period of community control in case No. 05CR-5445. (Sept. 18, 2008 Entry 05CR-5445.)

{¶ 5} Following Greene's release from prison, and according to an entry filed on November 18, 2013, the trial court reactivated Greene's term of community control in case No. 05CR-5445, his original child support case, on October 30, 2013, and set a completion date of July 14, 2017. (Nov. 18, 2013 Entry 05CR-5445.) On January 6, 2014, the trial court filed a virtually identical entry in case No. 07CR-7093 amounting to a new start date for Greene's five-year period of community control in his second child support case. He began community control in his second child support case at the same time as the reactivation of community control in his first child support case, October 30, 2013. The trial court set a completion date of August 30, 2018 for Greene's second child support case. (Jan. 6, 2014 Entry 07CR-7093.) Greene did not appeal any of these entries suspending and reactivating his periods of community control nor did he appeal any of the original sentencing entries for the two cases in which he received community control sentences.

{¶ 6} On July 5, 2017, the probation department requested that Greene's community control be revoked in both child support cases, Nos. 05CR-5445 and 07CR-7093. (July 5, 2017 Req. for Revocation 05CR-5445; July 5, 2017 Req. for Revocation 07CR-7093.) At a hearing on August 25, 2017, Greene stipulated to the alleged violations of his community control and the trial court moved directly to mitigation and sentencing. (Aug. 25, 2017 Hearing Tr. at 3, filed Nov. 8, 2017.) Because of the age of the underlying cases, the trial court orally announced that it was going to give Greene a "bit of a break" by revoking his community control and sentencing him to 12 months in prison in each child support case, to be served concurrently with each other but consecutively to a term of imprisonment Greene was already serving in Scioto County. *Id.* at 9-10. However, in the judgment entry in each child support case, the trial court imposed the 12-month sentences consecutively to each other and consecutively to the Scioto County sentence. (Aug. 25, 2017 Revocation Entry 05CR-5445 at 1; Aug. 25, 2017 Revocation Entry 07CR-7093 at 1.)

{¶ 7} Greene now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Greene assigns two errors for review:

> [1.] The lower court violated Appellant's right to Due Process of Law under the Fifth and Fourteenth Amendments of the

United States Constitution, and his right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, when the tribunal failed at the August 25, 2017 sentencing hearing to generate the R.C. 2929.14(C)(4) findings necessary to authorize consecutive sentence punishment. The Appellant's sentences are therefore contrary to law per R.C. 2953.08(G)(2)(b) and must be set aside[.]

[2.] The lower court's September 2, 2008 sentence in case no. 07CR-7093 was void because the court ordered that the period of community control imposed there commence upon the Appellant's completion of a prison term imposed in another case. In light of this the lower court violated Appellant's right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, and his right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, when it revoked Appellant's community control in case no. 07CR-7093 and re-imposed the previously-suspended sentence of incarceration. The sentence in that case is contrary to law and must be set aside per R.C. 2953.08(G)(2)(b)[.]

Because the trial court could only have sentenced Greene on the revocations if community control was still properly in effect, we find it appropriate to address the second assignment of error first.

## III. DISCUSSION

### A. Second Assignment of Error - Whether the Trial Court Properly Extended Community Control by Suspending it During Greene's Prison Term and Whether Res Judicata Prevents Consideration of that Argument

{¶ 9} Greene argues that, unlike the community control term imposed in case No. 05CR-5445, the community control term imposed in No. 07CR-7093 could not have been tolled during his prison term on the cocaine case because it was imposed on the same day he was sentenced to prison in the cocaine case. (Greene's Brief at 19-27.) In essence, Greene does not find fault with the trial court's tolling of his community control term in case No. 05CR-5445, but argues that the term in case No. 07CR-7093 could not have been "tolled" because it had not yet begun. *Id.* The State responds that even if Greene is correct in his characterization and the case No. 07CR-7093 term could not have been properly tolled, it could have been (and was) imposed consecutively to the term of imprisonment in the cocaine case. (State's Brief at 9-12.) However, we need not address the merits of these

arguments because the State also raises the issue of res judicata and we conclude that these are arguments that could have been and should have been presented in any prior appeal of the judgment entry originally sentencing him in case No. 07CR-7093 (the second child support case).

{¶ 10} We have previously explained:

> In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92; *see also State v. Szefcyk*, 77 Ohio St.3d 93, 95-96 (1996). Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated. *See State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 9.

(Emphasis sic.) *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19. At the time it imposed sentence in case No. 07CR-7093, the trial court orally stated its intention to suspend the term of community control until Greene had finished serving his sentence on the cocaine case. (Sept. 4, 2008 Jgmt. Entry 07CR-7093 at 1-2; Sept. 2, 2008 Sentencing Tr. 07CR-7093 at 8.) Greene was therefore well aware of the issue, did not require any information from outside the record to litigate it, and should have and could have raised it in a direct appeal from that judgment. He did not do so. Hence, he is now barred by res judicata from doing so now.

{¶ 11} We overrule Greene's second assignment of error.

## B. First Assignment of Error - Whether the Trial Court Erred in Failing to Orally Make Findings as Required by R.C. 2929.14(C)(4)

{¶ 12} Reviewing the transcript in relation to Greene's argument that the trial court orally imposed concurrent sentences for the two community control revocation cases, our review of the record shows that the trial court did not specify at Greene's resentencing hearing whether the two prison terms for his child support cases were concurrent or consecutive. In sentencing Greene, the court made the oral statement that it was giving Greene a "bit of a break" by imposing the 12-month sentences *concurrently with each other* (though still consecutively to his Scioto County sentence). (Aug. 25, 2017 Hearing Tr. at 9-10.) Yet, in the revocation entries the trial court imposed the 12-month sentences

*consecutively to each other* and consecutively to the Scioto County sentence. (Aug. 25, 2017 Revocation Entry 05CR-5445 at 1; Aug. 25, 2017 Revocation Entry 07CR-7093 at 1.)

{¶ 13} Generally there is a presumption that sentences imposed "shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). However, that presumption may be dispelled if, in sentencing a defendant, the trial court finds that the offender meets the criteria set forth in R.C. 2929.14(C)(4):

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} In this case, while the trial court's judgment entries included language the statute requires for consecutive sentences, the trial court did not orally make these required findings at Greene's resentencing hearing or mention anything that remotely approximated what would be required by R.C. 2929.14(C)(4) for consecutive sentencing among the two child support cases. (Aug. 25, 2017 Hearing Tr. in passim; Aug. 25, 2017 Revocation Entry 05CR-5445 at 2; Aug. 25, 2017 Revocation Entry 07CR-7093 at 2.) The State argues that we should find that this error has been forfeited because Greene's counsel failed to object

to the imposition of consecutive sentences and it, therefore, is only reviewable under a plain error standard. (State's Brief at 3-6.)

{¶ 15} We agree based on *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. Under this analysis, not meeting the statutory requirements for imposing one or more prison sentences is an obvious error that results in prejudice to the substantial rights of the defendant. R.C. 2929.41(A); R.C. 2929.14(C)(4); Crim. R. 52(B). Specifically, in Greene's case, sentencing consecutively without first overcoming the presumption that sentences are to be imposed concurrently "is contrary to law and constitutes plain error." *State v. Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 18, citing *State v. Boynton*, 10th Dist. No. 12AP-975, 2013-Ohio-3794, ¶ 12; *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18.

{¶ 16} The trial court did not overcome the presumption that sentences are to be served concurrently, not having made the oral findings at the sentencing hearing necessary for consecutive sentences in Greene's two child support cases. The trial court's subsequent imposition of consecutive sentences in its judgment entries are an obvious error that results in prejudice to the substantial rights of the defendant. R.C. 2929.41(A); Crim. R. 52(B). Greene's first assignment of error is sustained and the case is remanded for a new sentencing hearing.

## IV. CONCLUSION

{¶ 17} The trial court informed Greene on the record at his original sentencing hearing in case No. 07CR-7093, Greene's second child support case, that it was imposing community control but delaying enforcement of the sentence until after he served his prison sentence in an unrelated cocaine case. The trial court later issued entries to that effect at both the time of original sentencing and when Greene completed that prison sentence. Greene could have but did not challenge any of these judgment entries in one or more direct appeals. Res judicata prevents him from doing this now.

{¶ 18} However, the trial court plainly erred in resentencing Greene consecutively at the hearing on the two child support community control revocations when it did not orally at the revocation hearing make the required findings for consecutively imposing these two sentences. We sustain Greene's first assignment of error, overrule his second

assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand these cases for the imposition of new sentences.

*Judgment reversed and remanded.*

DORRIAN and HORTON, JJ., concur.
_____