[Cite as *State v. Byrd*, 2020-Ohio-507.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-342 |
| v. | : | (C.P.C. No. 14CR-2142) |
| Anthony A. Byrd, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 13, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Anzelmo Law*, and, *James A. Anzelmo*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Anthony A. Byrd, appeals a judgment of the Franklin County Court of Common Pleas entered on April 23, 2019, sentencing him to serve eight years in prison consecutively to a sentence imposed in Franklin C.P. No. 12CR-4199. Because we find that the trial court made the necessary findings to impose consecutive sentences and that those findings were sufficiently supported by the record, we overrule Byrd's sole assignment of error and affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have twice previously reviewed the facts of this case and it is not necessary to do so again in this appeal. *State v. Byrd*, 10th Dist. No. 17AP-387, 2018-Ohio-1069, ¶ 2-18; *State v. Byrd*, 10th Dist. No. 15AP-1091, 2016-Ohio-7670, ¶ 2-15. Simply, the police found Byrd transferring large packages of marijuana (amounting to a total weight of close to 3,000 pounds) from one truck to several smaller vehicles at a commercial shipping

terminal in the middle of the night. *Byrd*, 2018-Ohio-1069, at ¶ 4-17. After the trial court denied a motion to suppress evidence of the large quantity of marijuana discovered, a jury found Byrd guilty of second-degree felony counts of trafficking in marijuana and possession of marijuana. *Id.* at ¶ 18. The trial court merged the possession and trafficking counts, sentenced Byrd to eight years in prison, and ordered the sentence to run consecutively to the sentence in another unrelated case, Franklin C.P. No. 12CR-4199. (Nov. 4, 2015 Jgmt. Entry at 1.)

{¶ 3} Byrd appealed and we reversed the trial court's decision to suppress the evidence, remanding the case to the trial court with instructions that it use the correct legal standard in reaching its decision on suppression. *Byrd*, 2016-Ohio-7670, at ¶ 27, 30. We found the assignment of error about consecutive sentencing to be moot at that time. *Id.* at ¶ 34. On remand, the trial court applied the correct standard in suppressing the evidence. (Mar. 30, 2017 Entry.) It then again sentenced Byrd to serve eight years of imprisonment consecutively to the sentence in case No. 12CR-4199. (May 1, 2017 Am. Jgmt. Entry at 2.)

{¶ 4} Byrd appealed again and this court affirmed in part, finding that the trial court did not err in denying Byrd's motion to suppress, the sufficiency and manifest weight of the evidence supported Byrd's convictions, and Byrd was not denied effective assistance of counsel. *Byrd*, 2018-Ohio-1069, at ¶ 57. However, because the trial court did not make the requisite findings under R.C. 2929.14(C)(4) for consecutive sentences, we reversed and remanded for resentencing. *Byrd*, 2018-Ohio-1069, at ¶ 57.

{¶ 5} At a resentencing hearing on April 17, 2019, the trial court again imposed the same consecutive sentences and this time stated:

> Pursuant to 2929.14(C) (4) of the Ohio Revised [Code], this court will find that the consecutive sentences in these cases are appropriate. The court finds that a consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness to the offender[']s conduct and to danger that the offender poses to the public. The court also finds that the offender committed one or more of the multiple offenses while the offender was awaiting trial at sentencing, was the sentencing, therefore, consistent with the statute. The consecutive findings are appropriate. You are [sic] waiting sentencing on the '12 case when the '14 case was handed down.

\* \* \*

> Having reviewed Mr. Byrd's prior door [sic] criminal history and noticing one, two, three other prior felony offenses for drug-related offenses, I will likewise find that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender as well.
>
> Because both of these counts -- and obviously the trial court at the time that the jury verdict was found elected on Count Two, I also believe that at least two or more of the multiple offenses were committed as part of one or more courses of conduct; and that the harm caused by two or more of the multiple offenses was so great or unusual that a single prison term for any of the offenses committed adequately reflect the seriousness of the offender's conduct.

(Apr. 17, 2019 Sentencing Tr. at 8, 10-11, filed June 28, 2019.) The trial court then memorialized these findings in a judgment entry stating:

> Considering the facts of this case, the purposes and principals of sentencing and the requirements set forth in R.C. 2929.14(C)(4) the Court finds that a consecutive sentence is both necessary and appropriate. The Court further finds that (a) a consecutive sentence is necessary to punish the Defendant given the seriousness of the offenses committed; (b) a consecutive sentence is not disproportionate to the seriousness of the Defendant's conduct; and (c) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Ohio Revised Code, or was under post-release control for a prior offense, and/or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, and/or the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis omitted.) (Apr. 23, 2019 Jgmt. Entry at 2.)

{¶ 6} Byrd again appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 7}  Byrd raises a sole assignment of error for review:

> The trial court unlawfully ordered Anthony Byrd to serve consecutive sentences, in violation of his rights to due process, guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

## III.  DISCUSSION

{¶ 8}  Generally there is a presumption that sentences imposed "shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."  R.C. 2929.41(A).  However, that presumption may be overcome if the sentencing court makes findings according to the requirements of R.C. 2929.14(C)(4); that is:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9}  Such statutory findings made orally at the sentencing hearing must be incorporated into similar findings in a trial court's sentencing entry, but the trial court has

no obligation to state reasons to support its findings nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus; *State v. Howze*, 10th Dist. No. 13AP-386, 2013-Ohio-4800, ¶ 18. Yet, "sentencing consecutively without first overcoming the presumption that sentences are to be imposed concurrently 'is contrary to law and constitutes plain error.' " *State v. Greene*, 10th Dist. No. 17AP-667, 2018-Ohio-3135, ¶ 15, quoting *State v. Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 18, citing *State v. Boynton*, 10th Dist. No. 12AP-975, 2013-Ohio-3794, ¶ 12; *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18; *see also State v. Marcum*, 10th Dist. No. 18AP-249, 2019-Ohio-1019, ¶ 14.

{¶ 10} Both the judgment entry and the trial court's oral statements clearly indicate that the trial court endeavored to make the findings required by R.C. 2929.14(C)(4). Byrd argues, however, that, although the trial court said the appropriate words, the findings were not supported by the evidentiary record in this case. (Byrd's Brief at 7.) In making this argument, Byrd challenges the trial court's finding that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." (Apr. 23, 2019 Jgmt. Entry at 2; Byrd's Brief at 7-8.) Byrd also argues that, not having caused any property damage or physical injury to anyone, Byrd's offense was not serious enough to make consecutive sentences proportionate to the offenses. (Byrd's Brief at 7, citing R.C. 2929.12(C)(3).)

{¶ 11} The trial court did not make findings concerning the facts of case No. 12CR-4199 from Franklin County. The record does not support a finding under division R.C. 2929.14(C)(4)(b) that the harm caused by case No. 12CR-4199, in conjunction with this case (No. 14CR-2142), was so great or unusual that no single prison term could adequately reflect the seriousness of the offender's conduct. R.C. 2929.14(C)(4)(b); *see, e.g.*, *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 258 (noting with disapproval that the trial judge's sentencing statements "reveal[ed] nothing about the court's proportionality analysis with respect to the [other crimes Beasley committed], and the sentences for those convictions were also ordered to be served consecutively"). However, if "any" of the three divisions (a), (b), or (c) are found to be satisfied, imposing consecutive sentences is

permitted. R.C. 2929.14(C)(4). The trial court found both divisions (a) and (c) were satisfied, and that Byrd's multiple-drug-felony background weighed in favor of consecutive sentences (including the fact that Byrd was awaiting sentencing on case number 12CR-4199 at the time of sentencing for 14CR-2142). (Apr. 17, 2019 Sentencing Tr. at 8, 10-11.) Thus, any error by the trial court finding division (b) to have been satisfied in favor of consecutive sentences is "harmless beyond a reasonable doubt." *See State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, ¶ 27-29; *State v. Rahman*, 23 Ohio St.3d 146, 151 (1986); *State v. Ferguson*, 5 Ohio St.3d 160, 166, fn. 5 (1983).

{¶ 12} As part of the analysis of imposing consecutive sentences, the trial court was required to consider whether Byrd's offenses were serious enough to make consecutive sentences proportionate to the conduct. Byrd argues he did not harm anyone or destroy property, a factor if taken as true that would indicate the offense was less serious. *See* R.C. 2929.12(C)(3). However, the record shows that Byrd was part of a very large drug trafficking organization and therefore "committed the offense for hire or as a part of an organized criminal activity," and this makes the offense more serious. R.C. 2929.12(B)(7). The unlicensed and unregulated production and sale of marijuana of the kind and in the mass quantities involved may be considered "more serious." R.C. 2929.12(B); *see also* R.C. Chapter 3796. At this time and on this record, we cannot find error in the holding that "consecutive sentences [were] not disproportionate to the seriousness" of the offenses when the finding involved Byrd playing a role in trafficking nearly 3,000 pounds of marijuana. *See* R.C. 2929.14(C)(4); *Byrd*, 2018-Ohio-1069, at ¶ 4-17.

## IV. CONCLUSION

{¶ 13} Because the trial court made the necessary findings to impose consecutive sentences and those findings were sufficiently supported by the facts in the record, we overrule Byrd's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.