[Cite as *State v. Hoy*, 2024-Ohio-1555.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 23AP-38, 23AP-39, 23AP-40, 23AP-41, 23AP-42, 23AP-43, 23AP-44, 23AP-45, |
| v. | : | 23AP-46, & 23AP-47 |
| | : | (C.P.C. Nos. 22CR-0832, 22CR-0834 22CR-1231, 22CR-2224, 22CR-2235, 22CR-2236, 22CR-2237, 22CR-4444, |
| Jonathan M. Hoy, | : | 10CR-1348, & 10CR-6800) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on April 23, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Sheryl L. Prichard* for appellee. **Argued:** *Sheryl L. Prichard.*

**On brief:** *Todd W. Barstow,* for appellant. **Argued**: *Todd W. Barstow.*

APPEALS from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} From 2010 to 2022, defendant-appellant, Jonathan M. Hoy, was indicted under ten different case numbers with several offenses, including felonies of the third, fourth, and fifth degree. Following several proceedings, including, most recently, a plea hearing and combined plea and sentencing hearing, the trial court entered judgments of conviction on January 9, 2023, sentencing Mr. Hoy to prison terms ranging from 6 to 24 months for each count. The court ordered that all of the sentences be served consecutive to one another. Mr. Hoy now appeals, asserting the trial court erred in imposing consecutive sentences. For the following reasons, we reverse.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2}   Following a plea hearing on June 29, 2022, and a combined post-release control revocation and plea hearing on January 5, 2023, the trial court proceeded directly to sentencing on all of Mr. Hoy's ten cases.

{¶ 3}   At sentencing, both the prosecutor and defense counsel presented arguments as to an appropriate sentence.  The prosecutor asserted a sentence of incarceration would be appropriate due to the "breadth of the conduct across these cases" and Mr. Hoy's "flagrant noncompliance with his conditions of community control." (Jan. 5, 2023 Hearing Tr. at 20.)  Defense counsel asked the court to sentence Mr. Hoy to community residential sanctions including a term at a community based correctional facility.  In support of that request, counsel asserted that most of Mr. Hoy's criminal conduct coincided with his substance use and "extensive mental health issues." (Jan. 5, 2023 Hearing Tr. at 20-21.)  Mr. Hoy, too, addressed the court, apologizing for his actions and admitting wrongdoing.

{¶ 4}   The trial court then sentenced Mr. Hoy as follows:

| Case No. | Counts of Conviction | Sentence |
|---|---|---|
| 10 CR 1348 | F5[1] Assault; F5 Harassment by Bodily Substance | 12 months |
| 10 CR 6800 | F5 Attempted Failure to Appeal | 12 months |
| 22 CR 832 | F5 Theft | 12 months |
| 22 CR 834 | F5 Theft | 12 months |
| 22 CR 1231 | F5 Theft | 12 months |
| 22 CR 2224 | F3 Money Laundering | 24 months |
| 22 CR 2235 | F5 Theft | 12 months |
| 22 CR 2236 | F5 Aggravated Possession of Drugs | 6 months |
| 22 CR 2237 | F5 Theft | 12 months |
| 22 CR 4444 | F3 Having Weapons Under Disability | 24 months |

The trial court ordered that these sentences be served consecutively, for an aggregate prison sentence of 138 months.

{¶ 5}   When ordering that Mr. Hoy serve the imposed prison terms consecutively, the trial court initially stated:

> [P]ursuant to 2929.14(C)(4)([b]), with the number of cases, consecutive sentences are appropriate in this case in order to protect the public, and one sentence is insufficient to adequately punish the defendant. That's based upon the long history of going through this, the spree that he went on at the

---

[1] We have abbreviated "fifth-degree felony" and "third-degree felony" to "F5" and "F3" for ease of reading.

> end, and the most -- the fact that upset me the most was him having a gun on the last one. Okay? He knew better than to have a gun. Bad things happen with guns in those circumstances.

(Jan. 5, 2023 Hearing Tr. at 25-26.) When defense counsel objected to the imposition of prison sentences and to the court's decision to run the sentences consecutively, the trial court responded as follows:

> I gave you an opportunity to show me something, but then that gun comes out, and it just wrecked everything you had.
>
> And I've been with Mr. Hoy two decades. Okay? It's not like we're just new with each other. I have gone to bat for him I can't count you how many times, and he's kicked me in the teeth every one of them. And I'm not doing this as a retribution for that, but he's got to learn something. Okay?
>
> And I didn't max them all out. There are some that less (sic). All the F3s are 24 months. Okay?
>
> But, you know, there comes a time he's got to take care of business.

(Jan. 5, 2023 Hearing Tr. at 27-28.)

{¶ 6} After defense counsel renewed her objection to consecutive sentencing, the trial court stated:

> Well, what part of the presumption should I maintain? I mean, he's not been -- totally noncompliant on probation. He has continued to commit crimes. And then the final of them was he was possessing a weapon at the -- or near the casino. Okay? And that's just -- that's not behavior that the presumption's meant to protect. Okay?
>
> It warrants the consecutive sentences. It warrants the danger to the public and that one sentence is inadequate to do.
>
> * * *
>
> But this is one of those long histories, and I think I reiterated it earlier. This isn't our first rodeo. We've been through this numerous times. I've taken chance and chance and chance with him. I've let him out when he's been an absconder, okay, on the promise that he was going to go take care of his problem, and it never happened. Okay?

(Jan. 5, 2023 Hearing Tr. at 30-31.) The trial court then overruled the objection. (Jan. 5, 2023 Hearing Tr. at 31.)

{¶ 7} The trial court's sentencing entries for case Nos. 22CR-0832, 22CR-0834, 22CR-1231, 22CR-2224, 22CR-2235, 22CR-2236, 22CR-2237, and 22CR-4444 include the following language:

> Considering the facts of this case, the purposes and princip[les] of sentencing and the requirements set forth in R.C. 2929.14(C)(4) the Court finds that a consecutive sentence is both necessary and appropriate. The Court further finds that (a) a consecutive sentence is necessary to punish the Defendant given the seriousness of the offenses committed; (b) a consecutive sentence is not disproportionate to the seriousness of the Defendant's conduct; and (c) at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by the Defendant's (sic) was so great that no single prison term adequately reflects the seriousness of the Defendant's conduct.

(Emphasis deleted.) (Jan. 9, 2023 Jgmt. Entries at 1-2.) The entry for case No. 10CR-1348 states:

> The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term **is/is not** mandatory pursuant to R.C. 2929.13(F).
>
> * * *
>
> Sentence to run consecutively with case numbers 22CR4444, 22CR2237, 22CR2236, 22CR2235, 22CR2224, 22CR1231, 22CR834, 22CR832, and 10CR6800.

(Emphasis sic.) (Jan. 9, 2023 Revocation Entry, case No. 10CR-1348 at 1-2.) And the entry in case No. 10CR-6800 is nearly identical:

> The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C.

> 2929.14. The Court further finds that a prison term **is not** mandatory pursuant to R.C. 2929.13(F).
>
> * * *
>
> Sentence to run consecutively with case numbers 22CR4444, 22CR2237, 22CR2236, 22CR2235, 22CR2224, 22CR1231, 22CR834, 22CR832, and 10CR1348.

(Emphasis sic.) (Jan. 9, 2023 Revocation Hearing, case No. 10CR-6800 at 1-2.)

{¶ 8} Mr. Hoy timely appealed from the trial court's January 9, 2023 judgment entries. He raises the following sole assignment of error for our review:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

## II. ANALYSIS

{¶ 9} In his sole assignment of error, Mr. Hoy contends the trial court imposed consecutive sentences without making the requisite findings during his sentencing hearing and in the court's sentencing entries.

### A. Standard of Review and Applicable Law

{¶ 10} Pursuant to R.C. 2953.08(G)(2), we "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the [trial] court for resentencing" if we clearly and convincingly find either "[t]hat the record does not support the sentencing court's findings under * * * [division] (C)(4) of section 2929.14" or "[t]hat the sentence is otherwise contrary to law."

{¶ 11} We generally presume prison sentences " 'shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.' " *State v. Byrd*, 10th Dist. No. 19AP-342, 2020-Ohio-507, ¶ 8. However, a sentencing court may overcome that presumption and impose consecutive sentences by making three specific findings set forth in R.C. 2929.14(C)(4). *See, e.g.*, *State v. Greene*, 10th Dist. No. 17AP-667, 2018-Ohio-3135, ¶ 15, quoting *State v. Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 18.

{¶ 12} To impose consecutive sentences, the court must find "consecutive service is necessary to protect the public from future crime or to punish the offender" and "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). Additionally, the court must make at least one of the following findings:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). "[A] word-for-word recitation of the language of the statute is not required." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. And while the trial court must make each of these findings "at the sentencing hearing and incorporate [them] into its sentencing entry, * * * it has no obligation to state reasons to support its findings." *Id.* at ¶ 37. "[A]s long as [we] can discern that the trial court engaged in the correct analysis," we must uphold the imposition of consecutive sentences. *Id.* at ¶ 29. However, when a trial court fails to make the required findings, consecutive sentences are contrary to law and must be reversed. *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 15, quoting *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18.

**B. The trial court failed to make the requisite findings.**

{¶ 13} We begin our analysis by noting the trial court did not use language identical to that set forth in R.C. 2929.14(C)(4). While that would be preferable, the failure to "give a talismanic incantation of the words of the statute" is not, itself, error. *Bonnell* at ¶ 37. Therefore, we must sift through the sentencing transcript to determine whether the words

the trial court did use during the hearing satisfy R.C. 2929.14(C)(4)'s dictates. *See, e.g.*, *State v. Hairston*, 10th Dist. No. 17AP-416, 2017-Ohio-8719, ¶ 7, quoting *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 19-21 ("[A]ppellate courts have been 'fairly deferential to the trial court' in reviewing R.C. 2929.14(C)(4) challenges and will determine the trial court made requisite findings if reasonably able to 'glean' such findings from the record.").

{¶ 14} Because it is dispositive of this appeal, we first address whether the trial court made the second required finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). With respect to this finding, the trial court failed to use language of proportionality or seriousness, and failed to engage in *any* analysis that would suggest consideration of the seriousness of Mr. Hoy's conduct in these ten cases when it ordered Mr. Hoy to serve the prison terms consecutively at the sentencing hearing.

{¶ 15} The state asserts that when viewed together, the court's findings that " 'consecutive sentences are appropriate in this case in order to protect the public, and one sentence is insufficient to adequately punish the defendant * * * based upon the long history * * * and having a gun' " and the court's mention of " 'danger to the public and that one sentence is inadequate' " are sufficient to satisfy the "proportionality/danger to the public analysis." (Brief of Appellee at 6, quoting Jan. 5, 2023 Hearing Tr. at 26, 30.) Ultimately, the state asks us to assume from the trial court's mention of the two other required consecutive sentence findings, the trial court's reference to the escalation in number and frequency of incidents, and the presence of a gun during the last incident, that the court properly considered and made a finding that consecutive sentences across all of Mr. Hoy's ten cases are not disproportionate to the seriousness of his conduct in each of those cases.

{¶ 16} In support of its argument, the state relies on our decision in *State v. Dixon*, 10th Dist. No. 17AP-884, 2018-Ohio-3759, where we found similar language at sentencing was sufficient to satisfy R.C. 2929.14(C)(4)'s dictates. In *Dixon*, the trial court stated:

> Pursuant to Revised Code Section 2929.14 Subsection (C)(4), because these offenses clearly constitute an ongoing course of conduct and because the court believes that no single sentence can satisfy the course of conduct, the danger that conduct poses to the community, and in order to ensure the safety of the community, because, again, Mr. Dixon has demonstrated a

> clear pattern of repeated behavior, he is assaultive to the mothers of his children, those sentences are going to run consecutively with each other for a total of 11 years of incarceration.

*Id.* at ¶ 8.  Because the trial court in that case did not use the statutory language, we undertook a thorough review of the transcript to determine whether the trial court made the required proportionality finding.  *Id.* at ¶ 9.  We relied on *State v. White*, 7th Dist. No. 16 MA 0143, 2017-Ohio-7797 and *State v. Fields*, 10th Dist. No. 16AP-417, 2017-Ohio-661, to conclude it did.  In so holding, we noted, "Courts have held that even though the trial court employed the language of R.C. 2929.14(C)(4)(b), rather than the specific language of R.C. 2929.14(C)(4), the statement equated to a proportionality/danger to the public finding."  *Dixon* at ¶ 10.  Applying that principle, we concluded that "by stating 'no single sentence can satisfy that course of conduct,' the trial court weighed the severity of consecutive sentences against the seriousness of the conduct."  *Id.*

{¶ 17}  However, our decision in *Dixon* was flawed. This is because we failed to grapple with meaningful differences between the trial courts' consecutive sentencing pronouncements in *Fields* and *White* on the one hand, and the deficiencies of those pronouncements in *Dixon* on the other.  Before imposing consecutive sentences, the trial court in *Fields* stated, "I do not think that a single prison sentence could adequately reflect the *seriousness* of the conduct, and [appellant's] history of criminal conduct demonstrates that consecutive sentences are necessary."  (Emphasis sic and deleted.)  *Fields* at ¶ 12. Similarly, in *White*, the trial court stated, "[C]onsecutive terms are necessary because this type of a crime committed repeatedly renders the harm so great and so unusual that a single term does not adequately reflect the *seriousness* of the conduct."  (Emphasis added.)  *White* at ¶ 9.  Although the trial courts in both cases failed to make the explicit proportionality finding required by R.C. 2929.14(C)(4), both our court and the Seventh District upheld the consecutive sentences based on the overlap between findings and the trial courts' references to the seriousness of the offenders' conduct.  *See White* at ¶ 14-15; *Fields* at ¶ 20-21.

{¶ 18}  In *Dixon*, we gave only cursory consideration to the underlying facts in *Fields* and *White*.  We noted that appellate courts had previously upheld consecutive sentences when trial courts employ language from R.C. 2929.14(C)(4)(b) in lieu of the proportionality

finding, without considering why or how.  But, while the lower courts in *Fields* and *White* expressed concern about the *seriousness* of the offenders' conduct, the court in *Dixon*, like the court here, made no such mention.  In *Dixon*, the trial court stated only that "no single sentence can satisfy that course of conduct, the danger that conduct poses to the community."  *Id*. at ¶ 8.  While some of these words appear in R.C. 2929.14(C)(4)(b), they are not the words that matter for purposes of this specific analysis.  The sentencing court in *Dixon* made no mention of the harm caused by the offender or the seriousness of his conduct. As a result, we cannot "discern that the trial court engaged in the correct analysis." *Bonnell*, 2014-Ohio-3177 at ¶ 29.  Therefore, we believe our court erroneously concluded in *Dixon* that ***any*** overlap between the trial court's language and R.C. 2929.14(C)(4)(b) is sufficient to demonstrate a trial court engaged in a proportionality analysis.  To the extent *Dixon* and other decisions from this court stand for the proposition that any such overlap is sufficient regardless of which language actually overlaps, they are overruled.

{¶ 19}  And, so, for purposes of this case, we return to the actual language employed by the trial court.  Following a careful review of the sentencing hearing transcript, we are unable to conclude that the trial court made the requisite findings to support consecutive sentences.  During Mr. Hoy's sentencing hearing, the trial court noted:

> (1) Consecutive sentences are appropriate to protect the public;
>
> (2) One sentence is insufficient to adequately punish Mr. Hoy;
>
> (3) Mr. Hoy had a long criminal history and committed criminal offenses while under supervision;
>
> (4) Mr. Hoy seems to have gone on a crime spree in the months leading up to the charges; and
>
> (5) Mr. Hoy possessed a gun during the last of the incidents.

(*See* Jan. 5, 2023 Hearing Tr. at 25-28, 30-31.)  Absent from these statements is any indication that the trial court found consecutive sentences were not disproportionate to the seriousness of Mr. Hoy's conduct.  Any minimal overlap with the language of R.C.

2929.14(C)(4)(b)—under the facts and circumstances of this case—does not save the sentences from reversal.

{¶ 20} Accordingly, we sustain Mr. Hoy's assignment of error, vacate his consecutive sentences, and remand for resentencing.[2]

### III.  CONCLUSION

{¶ 21} Having sustained Mr. Hoy's sole assignment of error, we reverse the January 9, 2023 judgments of the Franklin County Court of Common Pleas, and remand this matter for resentencing consistent with this decision.

*Judgments reversed;*
*cause remanded.*

BEATTY BLUNT and BOGGS, JJ., concur.

––––––––––––

[2] We note two of the trial court's sentencing entries failed to incorporate the necessary findings. On remand, the trial court must ensure its entries, too, reflect each of the required findings. (*See* Brief of Appellee at 12 (conceding two of the trial court's entries failed to include the necessary findings).)