[Cite as *State v. Dixon*, 2025-Ohio-5668.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No.  L-25-00087

    Appellee                                        Trial Court No.  CR 24 1775

v.

Zannie Dixon, III.                                      **<u>DECISION AND JUDGMENT</u>**

    Appellant                                       Decided:  December 19, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this appeal, following a guilty plea, defendant-appellant, Zannie Dixon,

III, appeals the February 27, 2025 judgment of the Lucas County Court of Common Pleas

sentencing him to an aggregate prison term of 24 months.  For the following reasons, we

affirm in part and reverse in part.

## I. Background and Facts

{¶ 2} Dixon was indicted on one count each of rape in violation of R.C.

2907.02(A)(2), a first-degree felony; aggravated burglary in violation of R.C.

2911.11(A)(1), a first-degree felony; and felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony.

{¶ 3} Dixon and the state reached an agreement under which Dixon pleaded guilty to gross sexual imposition in violation of R.C. 2907.05(A)(1), as charged in a bill of information, and attempted burglary in violation of R.C. 2923.02 and 2911.12(A)(3), both fourth-degree felonies, and the state agreed to dismiss the remaining charges at sentencing. After conducting a thorough Crim.R. 11 plea colloquy, the trial court accepted Dixon's pleas and found him guilty.

{¶ 4} At the sentencing hearing, Dixon's attorney asked the court to impose community control. Although counsel did not explain all of the circumstances surrounding the crimes, he said that "[i]t was a situation . . . where alcohol definitely was a factor" that was exacerbated when the victim's sons "came over to assist in the situation and it made a bad situation worse." Counsel also explained that Dixon had been working, had family support, and had fully complied with the court's order that he have no contact with the victim while the case was pending.

{¶ 5} When Dixon addressed the court, he apologized for inconveniencing the court, acknowledged that "some of [his] actions was definitely wrong and [he] did play [his] part[,]" and asked the court for mercy.

{¶ 6} The state declined to address the court.

{¶ 7} Before imposing sentence, the trial court reviewed Dixon's prior criminal record and found that it was "not horrendous"; it consisted of four felony convictions and four misdemeanor convictions "from many, many years ago." However, the court found

2.

it "problematical" that Dixon had failed on probation once and judicial release twice and ended up in prison. That is, when Dixon was "given probation [he] didn't fare well . . . ." The court also took issue with the nature of the rape charge because "[y]ou can't force yourself sexually on a female." And it noted that Dixon had apologized to the court but not to the victim.

{¶ 8} The court sentenced Dixon to 12 months in prison on each count. It ordered him to serve his sentences consecutively for an aggregate prison term of 24 months. To justify consecutive sentences, the court said, "I'm finding that consecutive sentences are necessary to protect the public as well as taking into account your criminal history, finding that requires consecutive sentences . . . ."

{¶ 9} In its sentencing entry, the court found that "consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]"

{¶ 10} Dixon now appeals, and raises the following assignment of error:

THE TRIAL COURT ERRED IN ORDERING CONSECUTIVE SENTENCES.

## II. Law and Analysis

{¶ 11} In his brief, Dixon argues that the trial court failed to make the consecutive-sentence findings required by R.C. 2929.14(C)(4). Specifically, he contends that the court failed to find that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. The state responds

3.

that the trial court made all of the findings required by R.C. 2929.14(C)(4) and consecutive sentences are not clearly and convincingly unsupported by the record.

{¶ 12} We review felony sentencing challenges under R.C. 2953.08(G)(2). *State v. Kleinhans*, 2023-Ohio-2621, ¶ 24 (6th Dist.). Under that statute, an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 13} Dixon challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4). Under that section, when a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, . . ." and if it also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

4.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} Thus, the statute requires the trial court to make three findings before imposing consecutive sentences. *State v. Beasley*, 2018-Ohio-493, ¶ 252; *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. It must find that (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37.

{¶ 15} The Ohio Supreme Court clarified our standard of review of consecutive-sentence findings in *State v. Jones*, 2024-Ohio-1083. There, the court held that "[c]onformity with R.C. 2929.14(C)(4) requires the trial court to . . . note that it engaged in the analysis and that it has considered the statutory criteria and specifie[d] which of the given bases warrants its decision." (Internal quotations omitted and second brackets in original.) *Id.* at ¶ 14. The trial court is not required to state the reasons for its findings or precisely recite the language of the statute, but a reviewing court must be able to "discern that the trial court engaged in the correct analysis and [] determine that the record

5.

contains evidence to support the findings . . . ." *Bonnell* at ¶ 29; *Jones* at ¶ 11. In other words, "a reviewing court must be able to ascertain from the record evidence to support the trial court's findings." (Internal quotation omitted.) *Jones* at ¶ 14. To make those determinations, we are able to "liberally review" the entire sentencing transcript. *State v. Sylvester*, 2022-Ohio-3798, ¶ 20 (10th Dist.); *State v. Hoy*, 2024-Ohio-1555, ¶ 13 (10th Dist.) (When the trial court does not use the language of the statute, "we must sift through the sentencing transcript to determine whether the words the trial court did use during the hearing satisfy R.C. 2929.14(C)(4)'s dictates."). The imposition of consecutive sentences will be upheld "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." (Internal quotations omitted.) *Jones* at ¶ 14.

{¶ 16} The "clear and convincing evidence" required by R.C. 2953.08(G)(2) is "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 14 (lead opinion), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court "must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Id.* at ¶ 15.

{¶ 17} In this case, the trial court did not recite the language of R.C. 2929.14(C)(4) when it imposed consecutive sentences, so we must review the entire sentencing transcript to determine if the words it used meet the statute's requirements.

6.

*Jones* at ¶ 11; *Hoy* at ¶ 13. From the transcript, it is clear that the court found that consecutive sentences were necessary to protect the public and that Dixon's history of criminal conduct showed that consecutive sentences were necessary to protect the public from future crime by Dixon. Regarding the proportionality finding, the trial court's discussion of Dixon's conduct in this case, his history of criminal convictions, and his history of unsuccessful community control sanctions is sufficient to show that the court made a finding that consecutive sentences are not disproportionate to the seriousness of Dixon's conduct and to the danger Dixon poses to the public. Thus, the court made all of the necessary consecutive sentence findings on the record at the sentencing hearing.

{¶ 18} However, the trial court failed to make all of the necessary findings in its sentencing entry. The entry notes that consecutive sentences are necessary to protect the public from future crime or to punish Dixon and are not disproportionate to the seriousness of Dixon's conduct and to the danger Dixon poses to the public, but it does not include the court's finding under R.C. 2929.14(C)(4)(c). Therefore, the sentencing entry fails to make all of the required consecutive sentence findings. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 2014-Ohio-3177, at ¶ 30. Because the trial court made the required findings at the sentencing hearing but inadvertently omitted the (C)(4)(c) finding from its judgment entry, we must reverse and remand this case to the trial court for the limited purpose of entering a nunc

7.

pro tunc entry that includes the (C)(4)(c) finding.  Dixon's assignment of error is therefore well-taken in part.

### III. Conclusion

{¶ 19} Based on the foregoing, the February 27, 2025 judgment of the Lucas County Court of Common Pleas is affirmed in part, reversed in part, and remanded for the limited purpose of entering a nunc pro tunc judgment entry that includes the trial court's finding under R.C. 2929.14(C)(4)(c).  The parties are ordered to divide the costs of this appeal equally under App.R. 24.

Judgment is reversed in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.